IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IOAN GYULAI, as special administrator of The Estate of DIANA GYULAI, deceased, <br><br> Plaintiff, <br><br> v. <br><br> ALPHABET HOLDING COMPANY, INC.; NBTY, INC.; AND NBTY MANUFACTURING, LLC, <br><br> Defendants. | NDIL Case No. 14-5562 <br><br> Circuit Court of Cook County, IL <br> Case No. 2014L006561 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Alphabet Holding Company, Inc. ("Alphabet"), NBTY, Inc. ("NBTY"), and NBTY Manufacturing, LLC ("NBTY Mfg.") (collectively "Defendants") hereby remove this action from the Circuit Court of Cook County, Illinois. As grounds for removal, Defendants state as follows:

1. On June 20, 2014, Plaintiff filed a lawsuit captioned *Gyulai v. Alphabet Holding Company, Inc., et al.*, Case No. 2014L006561, in the Circuit Court of Cook County, Illinois, Law Division. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of service of the Summons and Complaint on Defendants. Alphabet, through its Registered Agent, received the Summons and Complaint on June 25, 2014. NBTY and

1

NBTY Mfg., through their Registered Agent, received the Summons and Complaint on June 24, 2014.

    3.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State court action are attached hereto as Exhibit A (Summons, Complaint, Jury Demand, Petition to Appoint Special Administrator with attachments, Order appointing Special Administratrix).

    4.    Any civil action filed in a state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). As set forth more fully below, the above-captioned case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1).

    5.    Complete diversity of citizenship exists between Plaintiff and Defendants.

    6.    Plaintiff alleges that at the time of decedent's death, decedent's residence was 1104 Bette Lane, Glenview, Illinois. *See* Exhibit A, Complaint at ¶ 9. Plaintiff was also born in Illinois. *See* Exhibit A, Death Certificate attached to Petition to Appoint Special Administrator. Immediately preceding her death, the decedent was attending Loyola University in Chicago, Illinois as a student and an intern. The decedent was domiciled in Illinois and a citizen of the State of Illinois for removal purposes.

    7.    Plaintiff is the duly appointed Special Administrator of the estate of the decedent (*see* Exhibit A, Order appointing Special Administratrix) and therefore, shall be deemed a citizen only of the State of Illinois for removal purposes. *See* 28 U.S.C. § 1332(c)(2).

    8.    Plaintiff has acknowledged the facts that Defendant Alphabet is a corporation formed under the laws of the State of Delaware with its principal place of

business in Ronkonkoma, New York. *See* Exhibit A, Complaint at ¶ 1. Based upon these uncontested facts, Defendant Alphabet is citizen of the State of Delaware and the State of New York for removal purposes.

9. Plaintiff incorrectly alleges that Defendant NBTY is an Illinois corporation. *Id*. at ¶ 1. In fact, Defendant NBTY is now, and was at all times relevant hereto, including the date Plaintiff alleges to have purchased the product at issue, the date of Plaintiff's death, and the date on which Plaintiff initiated the action, a citizen of the State of Delaware (state of incorporation) and the State of New York (principal place of business), but not Illinois. *See* Exhibit B, Affidavit of Joseph Looney, at ¶ 3.a-b.

10. Plaintiff incorrectly alleges that Defendant NBTY Mfg. is an Illinois corporation. *Id*. At ¶ 1. In fact, NBTY Mfg. is a limited liability company. *Id*. at ¶ 3.c. As a limited liability company, NBTY Mfg.'s citizenship is controlled by the citizenship of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (citations omitted). Because NBTY Mfg.'s members are Delaware corporations with principal places of business in Ronkonoma, New York, Defendant NBTY Mfg. is now, and was on the date Plaintiff initiated the action and at all times relevant hereto, a citizen of the State of Delaware and the State of New York, but not Illinois. *Id*. at ¶ 3.c-d.

11. The amount in controversy exceeds $75,000. Although Plaintiff only pleads damages in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County ($50,000)[1] plus the costs of this lawsuit, Plaintiff has alleged wrongful death and seeks to recover "pecuniary loss, including grief and sorrow and loss of society". *See* Exhibit A, Complaint at ¶ 14 and Prayer for Relief. Plaintiff's

---

[1] In personal injury cases, Illinois Civil Procedure prohibits *ad damnum* pleading except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. 735 ILCS 5/2-604.

request for pecuniary loss and pain and suffering would likely exceed $75,000 should Plaintiff succeed at trial. *See Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006) (confirming federal diversity jurisdiction and noting that although medical expenses and lost wages amounted to only $45,000, "a modest allowance for pain, suffering, and future losses . . . bring the total over the threshold."); *see also Auton v. Cracker Barrel Old Country Store,* 2008 WL 4890380, n. 1 (S.D. Ill., Nov. 12, 2008) (stating jurisdictional amount threshold met, despite the fact that the complaint merely sought an amount in excess of $50,000 plus costs of suit, because the wrongful death alleged in the complaint did not appear to indicate "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Further, pre-suit communications with Plaintiff's counsel state that Plaintiff is seeking an amount that exceeds, by many multiples, the jurisdictional minimum of $75,000. It is apparent from the pleadings, claims asserted, damages sought, and Plaintiff's pre-suit demands that this case involves an amount in controversy exceeding $75,000. Accordingly, this case can be properly removed to this Court pursuant to 28 U.S.C. § 1332 because there is a complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

12. Under the provisions of 28 U.S.C. § 1441(a) and Local Rule 5.1, the United States District Court for Northern District of Illinois, Eastern Division, is the Federal court for the district and division embracing the place where the State court action is pending (*i.e.*, Cook County, Illinois).

13. Defendants will comply with all applicable requirements of 28 U.S.C. § 1446 for removing this action, including giving written notice of the filing of this Notice

of Removal to Plaintiff, and filing a copy of the Notice of Removal with the clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants give notice that this action is hereby removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

By: /s/ Lise T. Spacapan
Lise T. Spacapan                IL 6188257
HUSCH BLACKWELL, LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Tel:  312.655.1500
Fax:  312.655.1501
lise.spacapan@huschblackwell.com

William E. Corum               MO 43154
Megan A. Scheiderer            MO 59066
HUSCH BLACKWELL, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Tel:  816.983.8000
Fax:  816.983.8080
william.corum@huschblackwell.com
megan.scheiderer@huschblackwell.com

***ATTORNEYS FOR DEFENDANTS***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2014, a copy of the foregoing was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Court's CM/ECF system to counsel of record, and by depositing it in the United States mail, addressed to:

Megan S. O'Connor
THE DERATANY FIRM
221 N. LaSalle Street, Suite 2200
Chicago, IL 60601

**ATTORNEYS FOR PLAINTIFF**

/s/ Lise T. Spacapan
Attorney for Defendants